**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIS JHUNE QUEROL TUBON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71181<br><br>Agency No. A075-118-892<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Elvis Jhune Querol Tubon, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of Tubon's political activities from his asylum application and written statement. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (significant omissions from asylum applications can be substantial evidence in support of an adverse credibility determination). Tubon's explanations for the omission do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Tubon's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of CAT. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (denying CAT relief because petitioner failed to demonstrate that "more likely than not, she will be tortured at the instigation of, or with the acquiescence of the Philippine government").

**PETITION FOR REVIEW DENIED.**